# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ABMM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 17 C 5268 |
| | ) | |
| FOCUS LOGISTICS TRANSPORTATION, | ) | |
| ALLIANCE AIR LOGISTICS, INC., JOAN | ) | |
| DAVISON, and DEBORAH JONES, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

This matter comes before the Court on the motion of Defendants Focus Logistics Transportation ("Focus") and Alliance Air Logistics ("Alliance") (collectively, "Defendants") to dismiss Counts II and V of the complaint brought by Plaintiff ABMM ("ABMM") pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendants' motion to dismiss is denied.

## BACKGROUND

The Court accepts as true the following well-plead allegations from ABMM's complaint. All possible inferences are drawn in ABMM's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

ABMM is a motor carrier of property in interstate commerce, authorized by the Federal Motor Carrier Safety Administration ("FMCSA") under Docket Number

752914.  On February 15, 2016, ABMM executed a Broker/Carrier Transportation Brokerage Agreement with Focus, a corporation that, at all times relevant to this action, is alleged to have operated as an unlicensed broker of motor carriage in interstate commerce.  From on or about September 12, 2016, through on or about February 9, 2017, Focus requested ABMM to transport truckload shipments in interstate commerce and confirmed each booking by issuing a Rate Confirmation/Contract Agreement.  "Rate Confirmation 1," attached to the complaint as Exhibit 2, identifies Focus as the broker and confirms a rate for one such shipment during this time period.  ABMM accepted each rate confirmation, agreed to transport each shipment at the specified rate, and so operated from on or about September 12, 2016, through on or about February 9, 2017.  After providing services and issuing invoices to Focus, ABMM alleges it still has not been paid $115,225 in charges pursuant to the parties' agreement, despite ABMM's repeated demands for payment.

On or about February 16, 2017, ABMM again received a rate confirmation from Focus – "Rate Confirmation 2," attached to the complaint as Exhibit 3 – requesting transport of a truckload shipment in interstate commerce.  This agreement stated that it was from Focus, but listed a new company, Alliance, as the tendering party and specified that the freight was to be tendered to ABMM by Alliance.  At all times relevant to this action, Alliance operated as a FMCSA-licensed broker of motor carriage in interstate commerce under Docket Number 830341.  From on or about February 16, 2017, through on or about April 10, 2017, Focus and Alliance requested

ABMM to transport truckload shipments in interstate commerce and confirmed each booking by issuing a rate confirmation/contract agreement. ABMM accepted each rate confirmation, agreed to transport each shipment at the specified rate, and so operated from on or about February 16, 2017, through on or about April 10, 2017. After providing services and billing Focus, ABMM alleges it still has not been paid and has suffered damages in the amount of at least $89,600.

Finally, ABMM states that Exhibit 4 attached to the complaint is a summary of shipments tendered to ABMM by Alliance. Indeed, Exhibit 4 does display what appears to be a compilation of a series of rate confirmations between ABMM and myriad brokers, one of which is Alliance. This summary, in concert with ABMM's allegations that Alliance unjustly benefited from ABMM's services, underlies ABMM's alternatively plead count of unjust enrichment.

ABMM alleges the following five counts in its complaint. Count I: Breach of Contract (September 12, 2016, through February 9, 2017) against Focus. Count II: Breach of Contract (February 16, 2017, through April 10, 2017) against Focus and Alliance. Count III: Illegal Brokering pursuant to 49 U.S.C. §14916 against Focus, Joan Davison, and Deborah Jones.[1] Count IV: Unjust Enrichment, in the alternative, against Focus. Count V: Unjust Enrichment, in the alternative, against Alliance. Defendants Focus and Alliance filed this motion seeking dismissal of Counts II and V.

---

[1] Defendants do not seek dismissal of Count III on the motion before the Court. Because this count arises on facts unaddressed in the briefing by both parties and wholly unrelated to the resolution of this motion, those facts have been excluded from the background of this Memorandum of Opinion.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations, but must provide enough factual support to raise his right to relief above a speculative level. *Bell Atlantic. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must "allow…the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the…claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim," and may be considered in a district court's ruling on a motion to dismiss. *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

## DISCUSSION

I. **Count II—Breach of Contract (February 16, 2017, through April 10, 2017) Against Focus and Alliance**

Focus and Alliance each seek dismissal of Count II on distinct grounds. Defendants argue that Count II should be dismissed against Alliance because ABMM failed to allege the basic elements necessary to establish a claim for breach of contract. Defendants seeks dismissal of Count II against Focus because the charge is duplicative of Count I. The Court addresses each defendant's position in turn.

   a. **ABMM's Alleged Failure to Plead the Prerequisite Elements of a Breach of Contract Claim Against Alliance**

Defendants' argument that Count II should be dismissed against Alliance hinges on their accusation that ABMM shoehorned Alliance into this lawsuit with an "incoherent and improperly plead claim" that fails to demonstrate that ABMM ever accepted an offer from Alliance to perform service. Alliance contends that ABMM failed to plead the necessary contractual sub-element of acceptance in its complaint, as required by the Seventh Circuit as a prerequisite for a breach of contract action.

Before analyzing Alliance's legal argument, a brief note on the substantive law governing ABMM's complaint. To hear both counts addressed in Defendants' motion to dismiss, the Court exercised supplemental jurisdiction pursuant to 28 U.S.C. ¶1367. When a federal court exercises supplemental jurisdiction over state law claims, the court is obliged to follow the applicable substantive state law. *Felder v. Casey*, 487

U.S. 131, 151 (1988). Therefore, the Court will apply the federal law Alliance suggests to the procedural questions raised in its brief, *Erie R. Co. v. Tompkins*, 304 U.S. 64, 92 (1938), but the Court will supply Illinois law where substantive contractual issues are concerned. Nonetheless, Illinois' breach of contract requirements are almost identical to those of Alliance's proposed federal standard, so Alliance's briefing carries equal weight when analyzed under pertinent state substantive law.

In Illinois, to establish a breach of contract, a plaintiff must allege and prove the following: (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff. *Burkhart v. Wolf Motors*, 2016 IL App (2d) 151053, ¶14, 61 N.E.3d 1155, 1159; *Catania v. Local 4250/5050 of Communications Workers of America*, 359 Ill.App.3d 718, 724, 834 N.E.2d 966, 971 (2005). The only element Alliance raises is the first, that ABMM failed to allege acceptance of Alliance's offer, and therefore failed to plead the existence of a valid and enforceable contract. *See Vassilkovska v. Woodfield Nissan, Inc.*, 358 Ill.App.3d 20, 26, 830 N.E.2d 619, 624 (2005) ("a legally enforceable contract is an exchange, and the elements of a contract include offer, acceptance, and consideration"). If Rate Confirmation 2 and the facts stated in ABMM's complaint, taken together, allow this Court to draw the reasonable inference that an offer was accepted, then ABMM will survive Alliance's motion to dismiss.

Alliance concedes that ABMM's allegation that Alliance requested services from ABMM is sufficient to constitute a well-plead offer. Alliance then notes that the confirmatory Rate Confirmation 2 was sent to ABMM from Focus and that ABMM directed all invoices regarding this arrangement to Focus. Because of Focus' conspicuous presence in Rate Confirmation 2, Alliance contends that ABMM's allegation that ABMM accepted Alliance's offer is little more than a conveniently proffered conclusion that belies the actual facts contained in the complaint.

Alliance's argument, however, contradicts both the complaint itself and Rate Confirmation 2. The complaint is unequivocal in its declaration that Alliance was the licensed broker tasked with tendering freight to ABMM, and Rate Confirmation 2 plainly lists Alliance as the tendering party. The complaint goes on to state that Alliance, along with Focus, requested services from ABMM, confirming each booking with ABMM through separate rate confirmations. ABMM states in the complaint that ABMM accepted each of these rate confirmations. Rate Confirmation 2 is the only such confirmation available to the Court, but Alliance's unambiguous presence as the tendering party on that rate confirmation buttresses ABMM's allegation. Because the Court accepts as true all well-plead allegations in a complaint for purposes of ruling on a 12(b)(6) motion, *Active Disposal, Inc., v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011), the facts set forth in ABMM's complaint plausibly raise the inference that ABMM accepted the offer of Alliance's request for services.

Alliance's contention, that what ABMM has alleged is misleading, is unavailing under the governing legal standard.

While that would seem to settle the matter, in its reply brief, Alliance raises two arguments it neglected to include in its opening brief, that ABMM failed to properly plead (i) the prerequisite element of performance, as well as (ii) the formational sub-element of meeting of the minds. *See Urban Sites of Chicago, LLC v. Crown Castle USA*, 2012 IL App (1st) 111880, ¶51, 979 N.E.2d 480, 496 ("an enforceable contract must include a meeting of the minds or mutual assent as to the terms of the contract"). The Court recognizes that a "district court is entitled to find that an argument raised for the first time in a reply brief is forfeited." *Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009). Nevertheless, because Alliance's reply brief asks the Court a number of actual questions about where either performance or a meeting of the minds can be found in the complaint, the Court will respond.

As to Defendants' assertion of a dearth of allegations indicating that Alliance agreed to perform or promised to ABMM anything in return for performance, those can be found in the complaint, where ABMM alleges that Alliance confirmed each booking at specified rates and that ABMM accepted and performed accordingly. Alliance's name and an agreed-upon rate are reflected in Rate Confirmation 2. Moreover, Alliance was represented authoritatively on Rate Confirmation 2 by its unique Docket Number, identifying it as a federally authorized broker.

ABMM's complaint similarly addresses Defendants' doubt as to what official role Alliance could have possibly occupied, when it was Focus that was represented on Rate Confirmation 2 as the broker. Alliance could have occupied the role of tendering party, which ABMM alleges in its complaint and Rate Confirmation 2 again reflects. ABMM has sufficiently alleged that there was performance that occurred subsequent to a meeting of the minds between Alliance and ABMM. These allegations are substantiated by Rate Confirmation 2. Defendants' motion to dismiss Count II against Alliance is denied.

### b. ABMM's Alleged Improper Inclusion of Focus in a Duplicative Breach of Contract Claim

Defendants contend that Count II, as against Focus, is merely an extension of the same breach of contract ABMM alleges against Focus in Count I, and so should be dismissed as duplicative of Count I. Focus points to *Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.*, for the proposition that a later count should be dismissed as duplicative when it is based on the same operative facts as an earlier count. 385 F.3d 737, 744 (7th Cir. 2004). The Court notes that this is not necessarily the substance of *Hoagland*'s holding, but rather a small stipulation of Judge Posner's opinion that serves to reiterate the Illinois courts' consistency of finding duplicative counts where breaches of fiduciary duty claims are based on the same operative facts as legal malpractice claims. *Id.*

Accepting, however, that the *Hoagland* language might aid in analyzing the instant matter, it is apparent that ABMM has met the test of pleading two separate counts that derive from distinct operative facts. As between the breaches alleged in Counts I and II, ABMM sufficiently identifies a particular change in the nature of the contractual relationship between Focus and ABMM, namely, the introduction of Alliance as a new party to the contract. The presence of Alliance on Rate Confirmation 2, a new company displaying a new Docket Number of 830341, speaks to a contractual relationship different from that of Rate Confirmation 1, which identifies only Focus and its allegedly fraudulent Docket Number of 515058. This renders plausible ABMM's contention that Alliance's presence indicated a shift in Focus' role and contractual relationship with ABMM. The complaint alleges that two sets of agreements occurred at different times, one glance at the contracts from the two different periods shows that they are facially distinguishable from one another, and the complaint alleges different damages resulting from the two contractual periods. That Focus was party to each contract does not automatically render the contracts duplicative of one another. Defendants' motion to dismiss Count II against Focus is denied.

## II. Count V—Unjust Enrichment Against Alliance

In its final count, ABMM must observe two standards to properly plead a cause of action for unjust enrichment alongside a breach of contract action in this Court. Under the substantive Illinois law, Defendants rightly note that ABMM "must allege

10

that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that the defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *HPI Health Care Services, Inc., v. Mt. Vernon Hosp., Inc.*, 131 Ill.2d 145, 160, 545 N.E.2d 672, 679 (1989). Procedurally, so long as an unjust enrichment claim "does not refer to, or incorporate by reference other allegations referring to, the contract between the parties," the cause of action may proceed as an alternative to a breach of contract claim. *Prudential Ins. Co. of America v. Clark Consulting, Inc.*, 548 F.Supp.2d 619, 623 (N.D. Ill. Apr. 28, 2008).

Here, ABMM has both plead enough facts to substantiate a substantive claim and been sufficiently scrupulous in its pleadings to fulfill federal procedural requirements. ABMM contends that it provided a series of shipments as requested by Alliance, for which Alliance received a benefit that it never paid ABMM for. Contrary to Defendants' argument that this constitutes the entirety of ABMM's pleadings on Count V, these allegations are supported by an exhibit which lists ABMM's purported uncompensated shipments. Under Illinois law, this provides the Court with enough well-plead facts to implicate Alliance as having been unjustly enriched in the event that no contract existed. Moreover, in its count for unjust enrichment, ABMM has carefully avoided referencing the agreements at the heart of its breach of contract claims, referencing only Exhibit 4, the summary of shipments, in support of its complaint. Defendants' motion to dismiss Count V is denied.

11

## CONCLUSION

For the aforementioned reasons, Defendants' motion to dismiss Count II and Count V of the complaint is denied. It is so ordered.

/s/ Charles P. Kocoras
_____
Charles P. Kocoras
United States District Judge

Dated: 9/11/2017